Matter of Ansbro v Nigro (2025 NY Slip Op 01038)

Matter of Ansbro v Nigro

2025 NY Slip Op 01038

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Singh, Moulton, Pitt-Burke, Rosado, JJ. 

Index No. 150230/22|Appeal No. 3741-3742|Case No. 2024-02423 2024-03652|

[*1]In the Matter of Andrew Ansbro, Individually and as President of the Uniformed Firefighters Association, et al., Petitioners-Appellants,
v
Daniel Nigro et al., Respondents-Respondents. 

Sullivan Papain Block McManus Coffinas & Cannavo, PC, New York (Brian J. Shoot of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Philip W. Young of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered March 22, 2024, which, in this proceeding brought pursuant to CPLR article 78, denied the petition to enjoin respondents from continuing to implement the reasonable accommodation process related to the Citywide vaccine mandate without engaging in cooperative dialogue or providing reasons for exemption denials and dismissed the proceeding, unanimously affirmed, without costs. Order, same court and Justice, entered June 5, 2024, which, upon granting petitioners' motion for leave to reargue, adhered to the prior determination, unanimously affirmed, without costs.
We find that a prior Supreme Court order, entered August 1, 2022, did not dispose of the petition, contrary to Supreme Court's finding in the judgment on appeal. Nonetheless, we affirm the denial of the petition on the merits.
Petitioners have not "established that the City's process for resolving requests for accommodations to the vaccine mandate fell short of the requirements" of either the City Human Rights Law (HRL) or the State HRL (Matter of Marsteller v City of New York, 217 AD3d 543, 545 [1st Dept 2023]; Matter of Bryan v Board of Educ. of the City School Dist. of the City of N.Y., 222 AD3d 473, 473 [1st Dept 2023]; see Executive Law § 296[10]; Administrative Code of City of NY §§ 8-102, 8-107[3][a], 8-107[28][e]). Petitioners were informed about how to apply for religious and medical accommodations and how to appeal denials, and they availed themselves of this process. The Fire Department of New York (FDNY) explained why their applications did not qualify for an accommodation, and the parties further engaged in the administrative appeals process (see Matter of Marsteller, 217 AD3d at 545). The FDNY also provided evidence that it received over 2,000 religious and medical accommodation requests that needed to be resolved under a constrained timeline during an evolving public health emergency (see id.). Thus, petitioners have not established that, under these circumstances, the City HRL required a more robust or individualized dialogue than the process they received (see id.).
We reject petitioners' argument that a summary dispensation is warranted because the August 1, 2022 order held that they had a likelihood of success on the merits concerning the alleged failure to engage in cooperative dialogue. This argument ignores this Court's precedent, which has upheld the procedures being challenged in this proceeding (see Matter of Ryskiejko v City of New York, 232 AD3d 432, 433 [1st Dept 2024]; Matter of Lynch v Board of Educ. of the City School Dist. of the City of N.Y., 221 AD3d 456, 458 [1st Dept 2023], lv denied 42 NY3d 905 [2024]; Matter of Hogue v Board of Educ. of the City School Dist. of the City of N.Y., 220 AD3d 416, 417 [1st Dept 2023], lv denied 42 NY3d 905 [2024]).
Nor do we agree with petitioners that the denials by the FDNY finding both insufficient proof and undue hardship [*2]and, later, the denials of their administrative appeals by the City of New York Reasonable Accommodation Appeals Panel provided insufficient explanations (see Matter of Bryan, 222 AD3d at 473; Matter of Lee v City of New York, 221 AD3d 505, 506 [1st Dept 2023]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025